UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00261-GCM
(3:03-cr-00214-GCM-1)

| WESTLEY LORENZA MCKINNEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner Westley Lorenza McKinney's "Motion to Withdraw from Motion of Actions to 28 U.S.C. § 2255 and Motion for Abeyance Pursuant to Session v. Dimaya, United States Supreme Court Procedural Ruling." (Doc. No. 9.) For the reasons stated herein, the Court shall construe the motion as a Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2).

On May 16, 2017, a paper document titled as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Mot. 1, Doc. No. 1) was hand-delivered to the district court on McKinney's behalf. Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that a motion to vacate, set aside, or correct sentence "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." The self-titled motion to vacate was not signed under penalty of perjury by McKinney or anyone else. (Mot. 6.)

On June 16, 2017, the Court entered an Order directing the Clerk of Court to send the motion to vacate to McKinney and directing McKinney to sign the motion under penalty of

1

perjury and return it to the Clerk. (Doc. No. 2.)

The Clerk mailed the unsigned motion and a copy of the Court's Order to McKinney at the United States Bureau of Prisons' ("BOP") address listed on the motion. The packet of documents was returned to the Clerk's Office as "refused/unable to forward." (Doc. No. 5.) After investigating, the Clerk discovered McKinney had been transferred to a different BOP facility and mailed the packet of documents to him there. (July 7, 2017 Doc. Entry.) Ten days later, the packet was returned as undeliverable. (Doc. No. 6.)

Once again, the Clerk learned from the BOP, not McKinney, that he had been transferred to a third facility. (July 17, 2017 Doc. Entry.) Accordingly, the Clerk mailed the packet of documents to McKinney at his newest BOP address. (July 17, 2017 Doc. Entry.)

On July 25, 2017, McKinney filed a motion for extension of time to comply with the Court's June 16, 2017 Order. (Doc. No. 7.) The Court granted the motion and gave McKinney until September 7, 2017, to sign and return the motion to vacate. (Doc. No. 8.)

McKinney filed the instant Motion on August 4, 2017. (Doc. No. 9.) The nature of the relief he seeks is not entirely clear because he mentions both his desire to withdraw his motions and his "quest for abeyance." (Mot. 1, Doc. No. 9.) The overall thrust of the Motion, however, appears to be a desire to voluntarily dismiss this action.

McKinney has not signed his motion to vacate, and the Court cannot proceed on that motion until he does. The Court has not required any action by the Government, so no prejudice has accrued on its part. Therefore, the Court shall grant McKinney's motion pursuant to Federal Rule of Civil Procedure 41(a)(2), which allows a petitioner to voluntarily dismiss an action with leave of the court.

**IT IS, THEREFORE, ORDERED** that:

2

1. Petitioner's "Motion to Withdraw from Motion of Actions to 28 U.S.C. § 2255 and Motion for Abeyance Pursuant to Session v. Dimaya, United States Supreme Court Procedural Ruling" (Doc. No. 9) shall be a construed as a "Motion for Voluntary Dismissal" under Federal Rule of Civil Procedure 41(a)(2);

2. Petitioner's Motion for Voluntary Dismissal (Doc. No. 9) is **GRANTED**;

3. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED without prejudice**; and

4. The Clerk of Court shall terminate any other pending motions and close this case.

**SO ORDERED.**

Signed: August 8, 2017

Graham C. Mullen
United States District Judge